## No. 11,568.

STATE EX REL. OTTO H. SCHOENHAUSEN VS. FRED. D. KING, JUDGE OF THE CIVIL DISTRICT COURT, DIVISION "B."

An order of injunction having been subsequently modified, contempt proceedings will not lie against the defendant in injunction on a charge of having violated the order of injunction as it was, *originally*, granted; and prohibition will lie to restrain the further progress of such proceedings.

O N Application for a Writ of Prohibition.

E. Howard McCaleb, Benjamin Rice Forman and Thomas M. Gill for Relator.

Lazarus, Moore & Luce for Respondent.

Submitted on briefs November 12, 1894.
Opinion read April 8, 1895.

The opinion of the court was delivered by

WATKINS, J.   The complaint of the relator, substantially, is that his business has been summarily closed up and he has been incarcerated in jail under orders of the respondent in a suit wherein he has been allowed a suspensive appeal which has been perfected; and the averment of the relator is that the judge of that court "has no power or authority under the laws of Louisiana pending a suspensive appeal to this honorable court, to thus summarily close up the business of your relator and put him in jail."

Wherefore he prays for a writ of habeas corpus, that he may be discharged from custody, for certiorari, that the record be brought up and examined to the end that the validity of the proceedings be ascertained, and for prohibition, to restrain further proceedings by the respondent in the premises.

Primarily, in the month of December, 1893, an injunction was granted on the petition of James A. Koehl and others against the relator as defendant ordering and enjoining him from carrying on his business as the keeper of a concert saloon at the corner of Royal and Customhouse streets, in the city of New Orleans.

Subsequently, on the 20th of December, 1893, the aforesaid injunction was, at his request, so modified by the respondent as only to prohibit and enjoin him from carrying on his barroom and concert saloon and variety entertainments at the aforesaid place in any manner violative of the laws of this State or ordinances of the city of New Orleans, and forbidding him from permitting disorderly persons to congregate therein, or otherwise to create a nuisance in his establishment injurious to the plaintiffs in injunction.

Relator avers that, subsequently, an application was made to this court for writs of *mandamus*, *certiorari* and *prohibition* in respect to said injunction, and the action of the respondent was affirmed to the effect that *mandatory* writs of injunction will not issue *ex parte* before the trial of the cause, nor be used to *oust a person in possession*, and that such mandatory injunction, compelling an abatement of a nuisance, could not be made upon interlocutory motion, and that he was thereafter authorized by law to continue his business under the restrictions of the modified injunction, and that he has done so, not in any manner violating the laws of the city or State in the conduct of said business or the terms or conditions of said modified injunction.

Relator further avers that said injunction suit was tried in June, 1894, and that the trial resulted in a verdict against him, sustaining the modified injunction without damages, and thereupon the respondent rendered judgment condemning him to close his said establishment and to cease prosecuting his business altogether.

That from that judgment he applied for and obtained an order of suspensive appeal, and thereafter perfected his appeal by furnishing the necessary appeal bond on the 12th of June, 1894, and his representation and averment are that the effect of said appeal was to *suspend the judgment, and that authority and jurisdiction* to inquire into the legality or illegality of carrying on his business are vested *exclusively* in this court and not in the respondent.

That, nothwithstanding said final judgment and appeal on the 12th of June, 1894, plaintiffs therein immediately thereafter, to-wit: on the 13th of June, 1894, procured another rule upon him for contempt, on the averment that he had wantonly violated the writ of injunction thereon by *opening and conducting* his saloon and variety hall on the *night of the 12th of June, 1894*, and prayed that he be punished therefor. That he, at the time, excepted to this proceeding, because the petition failed to disclose the particular acts which were alleged to have been in violation of the injunction, and failed to allege that relator has carried on his concert saloon in violation of the laws of the State or city, or if so, what laws of the State or city, and has failed to allege that he has permitted disorderly persons to congregate there and perform acts that constituted a nuisance to the plaintiffs in injunction, and in the alternative that these pleas be overruled, he made answer, alleging that he had violated

no law of the State or city in the conduct of his business, but had conducted the same in strict conformity with the terms of the *modified* injunction. But the respondent overruled relator's exceptions and made the rule absolute and forced him to close his establishment, basing his judgment exclusively upon the testimony that was introduced over his objection and exception during the trial of the injunction suit, in reference to relator's acts and doings from the 3d of January to the 6th of June, 1894, and erroneously holding that the *mere* opening of his establishment was a violation of the injunction, and constituted a contempt of court.

That, upon thus deciding, the respondent found the relator guilty of contempt and committed him to the parish prison for the term of ten days.

The respondent's returns contain precisely a similar statement of facts to that set out by the relator; and amongst other things says that (1) "the defendant filed an exception to the jurisdiction of the court, and in the argument conceded that the court had jurisdiction to punish the defendant for a violation of the *modified* and *preliminary* injunction, but had no jurisdiction to punish him for a violation of the judgment rendered and signed by the court, on the verdict of the jury;" and (2) "that the said rule was then tried and evidence heard; and that on the evidence then heard (as well as) the evidence which the court had previously heard taken before a jury, and of which the court had judicial cognizance, the court overruled the exception, maintained the rule, and adjudged the defendant *guilty of contempt for violating the preliminary and modified injunction* issued herein, and sentenced the defendant to the parish prison for ten days."

But the foregoing is supplemented by the further statement of the respondent, viz.:

"Your respondent further says that the relator was found guilty of contempt *in the breach and violation of the preliminary writ*, and that was the *only question decided by the court*, and the *only authority exercised by the court.*

"The court, however, respectfully submits that the defendant could not obey the preliminary injunction, close his establishment in accordance with the order of the court, acquiesce therein in open court by his conduct, and then by an appeal from the judgment rendered on the verdict of the jury on the trial of the case on its

merits, suspend the preliminary injunction, and divest the court of all power over him, and by an appeal reopen and continue to conduct his establishment."

Therefore, we have these propositions for consideration, viz.:

The relator, as defendant, was preliminarily enjoined from carrying on his concert saloon altogether, but same was, on his application, so modified by the respondent as to permit his continuance of his business in such manner as not to violate any law of the State or ordinance of the city. That, on this court having been applied to for relief, the action of the respondent in modifying the preliminary writ of injunction was approved and sustained, on the ground that a *mandatory* writ of injunction will not issue *ex parte* before the trial of the cause, nor be used to *oust a party in possession*. That upon a final judgment having been rendered against the relator as defendant, perpetuating the modified injunction, he suspensively appealed therefrom, the effect of which appeal was to leave matters *in statu quo.*

That subsequently to said judgment and appeal, plaintiffs in injunction proceeded against the relator for contempt on the *sole* ground that he had *opened* and *conducted* his establishment on the *night* of the 12th of June, 1894, that is to say, on the *night* of the *same* day on which judgment had been rendered, and for that, sentenced him to imprisonment.

And, having considered the foregoing propositions, we are to determine whether respondent had authority and jurisdiction to entertain the contempt proceedings and punish the relator, as the defendant therein, for a violation of the *preliminary* writ of injunction, at all.

It is our opinion that he had not.

The preliminary order of injunction prevented the defendant from opening his establishment and prosecuting his business at all, but the order modifying the injunction permitted defendant to so conduct his business as not to violate any city or State law. We refused to disturb this modifying order.

When judgment was rendered and suspensively appealed from the modified order remained unaffected and *in statu quo.* While there is no question of respondent's authority and jurisdiction to entertain contempt proceedings predicated upon a violation of the *modified* order of injunction, notwithstanding the rendition of a judgment on

the merits and a suspensive appeal therefrom, yet we are clear to the effect that his jurisdiction does not extend retroactively to the preliminary order of injunction before same was modified and instituted. It little matters what the judgment decreed, because its effect is restrained by the appeal. If, indeed, antecedent facts can be examined, and an original order of injunction, since modified, be made the basis of contempt proceedings, where can the limits to its exercise be set? It is a *quasi* criminal proceeding and should be, therefore, strictly construed, and courts of justice very properly incline to that construction of the law which favors the liberty of the citizen.

After careful consideration of this case in all of its bearings, we have reached the conclusion that relator has presented a case entitling him to relief.

It is therefore ordered, adjudged and decreed that the respondent direct and require the defendant to be released from imprisonment, constructive or actual; that he be prohibited from any further proceeding in said contempt proceedings, and that relator be released from the payment of all costs.